**E-Filed 10/11/05**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MANUFACTURED HOME COMMUNITIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SANTA CRUZ, <br><br> Defendant. | Case Number C-00-20630-JF |
| MHC ACQUISITION ONE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SANTA CRUZ, <br><br> Defendant. | Case Number C-01-20317-JF <br><br> ORDER DENYING WITHOUT PREJUDICE MHC'S MOTION TO CLARIFY OBLIGATIONS UNDER PARAGRAPH 2.1(c) OF SETTLEMENT AGREEMENT |

On October 7, 2005, the Court heard the motion of Manufactured Home Communities, Inc., MHC-DeAnza Financing Limited Partnership, Starland Vistas, Inc. and MHC A-1 (collectively "MHC") to clarify MHC's obligations under paragraph 2.1(c) of the Settlement Agreement and Consent Decree in the above-entitled actions ("the federal actions"). The De

1  Anza Santa Cruz Homeowners' Association ("HOA") specially appeared through counsel to
2  oppose the motion.[1]  The City of Santa Cruz ("the City") filed a statement setting forth its
3  position that the instant motion is not properly before the Court because there is no current
4  dispute between MHC and the City regarding the language of the Settlement Agreement and
5  Consent Decree.[2]  For the reasons discussed below, the Court will deny the motion without
6  prejudice.

7  MHC brought the instant federal actions to challenge the City's mobilehome rent control
8  ordinance, which regulates the level of rents that may be charged to tenants of mobilehome
9  parks.  MHC and the City entered into a written Settlement Agreement (hereinafter "Settlement
10  Agreement"), approved by the Court in a Consent Decree, under which the City agreed to exempt
11  MHC from the mobilehome rent control ordinance under certain conditions.  Specifically, MHC
12  agreed to offer existing tenants who were under rent control at the time of the Settlement
13  Agreement a thirty-four year lease containing internal "rent control" provisions limiting MHC's
14  right to raise annual rents.  The City agreed, however, that upon expiration of the lease and/or
15  upon change in tenancy, MHC may increase rent to market rates as determined in MHC's sole
16  discretion.  In other words, upon expiration of a tenant's lease and/or upon change in tenancy, no
17  rent control will be in effect as to the space in question.

18  At the time the Settlement Agreement was executed, there were six tenants who were not
19  under rent control but who were parties to fifteen-year leases that will expire in 2006.  MHC
20  agreed to offer these six tenants the thirty-four year lease in 2006, subject to the provision that
21  the six tenants' initial starting rent under that thirty-four year lease will be the "then-current
22  market rent as determined by MHC in its sole discretion."  Settlement Agreement ¶ 2.1(c).  MHC
23  asserts that it has begun negotiating the initial starting rent with these six tenants, and that the

---

[1] The HOA's motion for leave to file opposition is granted.

[2] The City requested that it not be required to appear at the hearing on the motion because it has no present controversy with MHC and because its counsel was unavailable on the date of the hearing.  In light of the City's stated position, the Court concluded that appearance by the City's counsel was unnecessary.

tenants have taken the position that ¶ 2.1(c) of the Settlement Agreement imposes at least some constraint upon MHC's ability to set the initial starting rent. MHC thus asks for clarification that ¶ 2.1(c) of the Settlement Agreement does *not* constrain its rights to set the initial starting rent at whatever rate it chooses in its sole discretion.

The HOA argues that there is no actual and present controversy between MHC and the City and that thus it would be inappropriate for the Court to offer clarification of the Settlement Agreement at this time. The HOA also asserts that the issue of the starting rent of the six tenants in question is being arbitrated before Ret. Judge Eugene Lynch of JAMS, and that any decision of this Court on the subject of starting rents would impermissibly interfere with the arbitration. MHC asserts that the issue of the starting rent of the six tenants initially was presented to Judge Lynch, but that that issue has been withdrawn from the arbitration and no longer is part of the arbitration.

The Court is quite troubled by the breakdown in communication evidenced by these competing assertions and the tone in which the assertions were advanced at the hearing. Ultimately, however, the question of whether the six tenants in question are participating in the arbitration is irrelevant to the instant motion. The Court is being asked to offer an advisory opinion with respect to a controversy that *might* arise between MHC and non-parties to the federal actions. The Court concludes that such an advisory opinion would be inappropriate under well-established principles governing Article III jurisdiction and, specifically, the ripeness requirement. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (holding that "[o]ur role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.").

The Court certainly understands MHC's desire for clarity as to its rights and obligations vis a vis its tenants, particularly given the contentious history of MHC's litigation with the City. Clearly this Court has continuing jurisdiction to clarify its own orders. The Court concludes, however, that MHC's motion is premature. Accordingly, the motion will be denied without prejudice to a future motion by any party in the event an actual controversy arises regarding

construction of the Settlement Agreement.

IT IS SO ORDERED.

DATED:   10/11/05

                              /s/ electronic signature authorized
                              _____
                              JEREMY FOGEL
                              United States District Judge

Case No. C 00-20630 JF / C 01-20317 JF
ORDER DENYING WITHOUT PREJUDICE MHC'S MOTION TO CLARIFY PARAGRAPH 2.1(c)
(JFLC2)

Copies of Order sent to:

David J. Bradford djbradford@jenner.com

Barbara H. Choi bchoi@abc-law.com

Robert S. Coldren robertc@hkclaw.com,

C. William Dahlin billd@hkclaw.com,

David J. Bradford
Lisa T. Scruggs
Jenner & Block, LLC
One IBM Plaza
Chicago, Illinois 60611-7603

Robert S. Coldren
C. William Dahlin
Hart, King & Coldren
200 E. Sandpointe, First Floor
Santa Ana, California 92707

George J. Kovacevich
Barbara H. Choi
Atchison, Barisone, Condotti & Kovacevich
333 Church Street
Santa Cruz, California 95060

Paul T. Jensen
255 N. Market St., #190
San Jose, CA 95110

Mark B. Fredkin
William Siamas
Morgan, Franich, Fredkin & Marsh
99 Almaden Blvd., Suite 1000
San Jose, CA 95113-1606